IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOBBIE BABY, INC.,**

      Petitioner,

v.                          Case No. 2:25-mc-00023
                             Chief District Judge Sarah D. Morrison
                             Magistrate Judge Kimberly A. Jolson

**P&L DEVELOPMENT, LLC,**

      Respondent.

## OPINION & ORDER

Respondent P&L Development, LLC's Motion to Transfer (Doc. 12) is before the Court. For the following reasons, the Motion is **GRANTED**. This matter is **TRANSFERRED** to the United States District Court for the Eastern District of New York in connection with the underlying litigation entitled *P & L Development, LLC v. Gerber Products Company, et al.*, Case No. 1:21-cv-05382-NG-AYS. Upon transfer, the Clerk is **DIRECTED** to close this miscellaneous action.

**I.   BACKGROUND**

In 2021, P&L Development, LLC ("PLD") filed an antitrust action against Gerber Products Company and others in the United States District Court for the Eastern District of New York. *See P & L Development, LLC v. Gerber Products Company*, No 1:21-cv-05382-NG-AYS (E.D.N.Y.) (hereinafter the "Antitrust Litigation"). In brief, the lawsuit alleges that the defendants "unlawfully conspired to prevent PLD from entering the market for store-brand infant formula and asserts claims under Sections 1 and 2 of the Sherman Act, Section 7 of the Clayton Act, New York state law, and the common law." (Doc. 12 at 4); *see also* Antitrust Litigation, Docs. 15, 149, 150, 159, 160. Discovery in that case is ongoing and proceeding concurrently with a related action, *Conry et al. v. Gerber Products Company*, No. 1:24-cv-6784-NG-AYS (E.D.N.Y.) (hereinafter the

"*Conry* Action"). *See* Antitrust Litigation, Doc. 191 (stipulating to a fact discovery deadline of November 14, 2025).

As part of discovery in the Antitrust Litigation, PLD served a third-party document subpoena on Petitioner Bobbie Baby, Inc. ("Bobbie") in January 2025. (Doc. 1-2 at 6–18). Bobbie objected to the requests as overboard, and the parties conferred for several months about potentially narrowing the subpoena's scope. (*Id.* at 21–64, 101–127). Then in August, PLD served on Bobbie a new subpoena, this time seeking a corporate representative deposition of a Rule 30(b)(6) witness. (*Id.* at 66–72). Bobbie objected to the breadth and burden of this subpoena as well. (*Id.* at 74–89). Because the subpoena requires compliance in Columbus, Ohio (*id.* at 66), Bobbie filed a motion to quash the subpoena in this Court. (Doc. 1 (also seeking fees and costs)).

Initially, the Court was hopeful the parties could resolve their differences without judicial intervention. The Court stayed briefing on the motion to quash and required conferral. (Doc. 4). It quickly became clear the parties were unable (or unwilling) to agree. (Doc. 7; *see also* Doc. 14). And separately, PLD noted its intention to move to transfer this matter to the U.S. District Court for the Eastern District of New York, the Antitrust Litigation's home. (Doc. 7). The Court set a deadline for PLD to bring that motion and expedited briefing. (Doc. 8). PLD's Motion to Change Venue is ripe for consideration. (Docs. 12, 15, 16, 18).

## II.   STANDARD

Federal Rule of Civil Procedure 45(f) controls here. It states that a court may transfer a subpoena-related motion to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Rule also allows the issuing court to "transfer the order to the court where the motion was made" for enforcement. *Id.*

Rule 45(f) does not define "exceptional circumstances." But the Advisory Committee's notes guide that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation[.]" Fed. R. Civ. P. 45 Advisory Committee's note to the 2013 amendment. With that guidance, this Court and others have looked to the "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation," in determining whether a Rule 45(f) transfer is warranted. *Boutte v. Jackson Offshore Operators, LLC*, No. CV 2:25-MC-20, 2025 WL 2924673 (S.D. Ohio Oct. 15, 2025) (quoting *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at *1 (N.D. Ohio Nov. 19, 2015). The Advisory Committee notes further provide that "transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45 Advisory Committee's note to the 2013 amendment (also stating that avoiding burdens on local nonparties subject to the subpoena should be a "prime concern").

The decision whether to transfer a motion under Rule 45(f) is within the District Court's discretion. *Boutte*, 2025 WL 2924673, at *2 (collecting cases).

### III.     DISCUSSION

The Court begins by considering whether exceptional circumstances justify transferring Bobbie's motion to quash to the Eastern District of New York before turning to the burden transfer would impose on Bobbie. Ultimately, the Court finds the exceptional circumstances weigh out.

#### A.     Exceptional Circumstances

The guiding question in determining whether exceptional circumstances weigh in favor of a Rule 45(f) transfer is whether transfer is necessary to prevent disrupting the ongoing litigation in the Eastern District of New York. Fed. R. Civ. P. 45 Advisory Committee's note to the 2013

3

amendment. To answer this question, this Court must analyze whether the New York court has ruled on issues presented by the motion; if the same issues are likely to arise in discovery in many districts; and other factors such as the duration and complexity of the underlying litigation. *Id.*; *Boutte*, 2025 WL 2924673, at *2.

To begin, though it does not appear the precise questions in Bobbie's motion to quash have been presented to the Eastern District of New York, the New York Court has ruled on at least two discovery motions. Antitrust Litigation, No. 1:21-cv-5382-NG-AYS, Docs. 177, 178, 185. In doing so, the court considered both relevance and proportionality of certain discovery requests. *Id.* at Doc. 189 (transcript of the hearing considering both motions). Courts have found the issuing court's consideration of the scope of discovery, even in other contexts, weighs in favor of transfer. *See, e.g.*, *Ohio Dep't of Ins. v. RPM Mortg., Inc.*, No. CV 2:20-MC-43, 2020 WL 6778212, at *2 (S.D. Ohio Nov. 18, 2020) (finding the issuing court's adjudication of other discovery disputes on the basis of relevance put that court in a better position to assess the scope of appropriate discovery); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 382 (D.D.C. 2017) (noting that because the issuing court resolved other discovery disputes, it was in a better and more informed position to rule on enforcement of the subpoena at issue).

Next, the record does not speak to whether "the same issues are likely to arise in discovery in many districts," but that is not outside of the realm of possibility. Indeed, the Eastern District of New York is currently considering a motion to compel compliance with a subpoena that was recently transferred to it under Rule 45(f) in the *Conry* Action. *See Conry v. Gerber Products Company*, No. 1:25-mc-04205-NG (E.D.N.Y.), Doc. 54 (transfer order of the United States District Court for the District of Minnesota). At the very least, judicial economy favors these

4

discovery disputes being resolved by the same court. *Gov't Emps. Health Ass'n v. Actelion Pharms., Ltd.*, No. 2:22-MC-37, 2022 WL 5414401, at *2 (S.D. Ohio Oct. 7, 2022).

      Further, the Court looks to the case schedule in the underlying action. The fact discovery deadline in the Antitrust Litigation, November 14, is fast approaching. *See* Antitrust Litigation, Doc. 191. The Eastern District of New York is in a better position to consider Bobbie's motion in relation to the case schedule, especially if the outcome necessitates nonparty discovery beyond the deadline. *See Deman Data Sys. v. Schweikert*, No. CV 14-199-DLB-CJS, 2015 WL 12977016, at *2 (E.D. Ky. Jan. 12, 2015). And though Bobbie blames PLD for the timing problem (Doc. 16 at 7), fault does not shift the reality of the Antitrust Litigation's case schedule. In the end, this is a case where "[t]ransfer can be appropriate when it would avoid interference with a time-sensitive discovery schedule issued in the underlying case." *Actelion Pharms., Ltd.*, 2022 WL 5414401, at *2 (quoting *Lipman v. Antoon*, 284 F. Supp. 3d 8, 12 (D.D.C. 2018)).

      Additional factors such as the duration and complexity of the Antitrust litigation are persuasive as well. The Antitrust Litigation has been pending for over four years and is being adjudicated in conjunction with the related *Conry* Action. *Cf. id.* (considering that the underlying ligation was nearly four years old); *Bauer v. Hill*, No. CV 2:23-MC-29, 2023 WL 6170550, at *2 (S.D. Ohio Sept. 22, 2023) (considering that the underlying ligation had been pending for seventeen months). As the United States District Court for District of Minnesota recently observed, these disputes are "procedurally and substantially complex." *Conry*, No. 1:25-mc-04205-NG, Doc. 54 at 6 ("The allegations of anticompetitive conduct against multiple large corporate entities in these cases have necessitated intensive discovery, leading to multiple joint requests by the parties to extend the deadline to complete fact discovery."). Simply put, the Eastern District of New York has unique and valuable expertise in this complex case. All the more because

5

Bobbie's motion raises questions about whether PLD can or has already obtained certain discovery from a named defendant in the Antitrust Litigation. (*See, e.g.*, Doc. 1 at 17–19). The New York court is in the best position to know how the discovery landscape may impact the outcome of Bobbie's motion. *Cf. Actelion Pharms., Ltd.*, 2022 WL 5414401, at *2 (concluding the court overseeing the underlying antitrust action was in a better position "to assess the scope of appropriate discovery, whether any burden of producing a Rule 30(b)(6) deposition witness is undue, and whether [the party seeking discovery] should be required to rely on party discovery" prior to seeking testimony from the petitioner).

"To be sure, a subpoena dispute should not always be transferred merely because the issuing court is more familiar with the facts of the underlying litigation." *Conry*, No. 1:25-mc-04205-NG, Doc. 54 at 7; *see also* Fed. R. Civ. P. 45(f) Advisory Committee's note to the 2013 amendment ("[I]t should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."). But here, exceptional circumstances including the Eastern District of New York's consideration of past and present discovery issues, the underlying case schedule, and the duration and complexity of the Antitrust litigation justify transfer. Simply, transfer is necessary to prevent disrupting the ongoing litigation in the Eastern District of New York.

### B. Burden

Though the Court has found exceptional circumstances justify transfer, the Court must consider whether these circumstances outweigh Bobbie's interests in obtaining a local resolution. *Id.* Bobbie argues they do not. (Doc. 16 at 8–9).

Bobbie submits several reasons why transfer would burden it. Bobbie first counts the monetary costs of transfer, including the resources it says it would have to devote to briefing the issue of personal jurisdiction in the Eastern District of New York and re-briefing its motion to

6

quash to include Second Circuit law. (Doc. 16 at 8). Bobbie further submits that transfer would impose a burden on its local Ohio counsel and its lead counsel in California. (*Id.*). And, even if the New York court allowed PLD the discovery it seeks, "all evidence in Bobbie's custody is in Ohio" and future disputes would potentially be heard in New York, where the evidence is not. (*Id.*).

The Advisory Committee notes that when a nonparty does not consent to a motion to transfer under Rule 45(f), avoiding burdens on that party should be a "prime concern." Fed. R. Civ. P. 45 Advisory Committee's notes to the 2013 amendment. Here, the Court sees that transfer most likely will cause Bobbie some inconvenience, but the Court observes several mitigating circumstances.

First, because Bobbie is represented by counsel that is authorized to practice law in this Court, Rule 45(f) provides that "the attorney may file papers and appear on the motion as an officer of the issuing court." The Court also observes that one of Bobbie's *pro hac vice* counsel is based in New York and is likely to be familiar with the law and the court there. (*See* Doc. 16 at 10; *see also* Doc. 1 at 2; Docs. 3, 6). Additionally, courts are encouraged to allow counsel to use telecommunication methods following a Rule 45(f) transfer to "minimize the burden a transfer imposes on nonparties." Fed. R. Civ. P. 45 Advisory Committee's notes to the 2013 amendment; *see also Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting burden on nonparty would be minimal due to courts' widespread use of video- and teleconferencing in the wake of COVID-19). For these reasons, Bobbie overstates its burden related to its representation.

7

Additionally, to the extent Bobbie argues the location of the evidence in its custody should move the needle, the Court is not convinced. It is unclear why Bobbie could not produce most or all evidence necessary to resolve its motion to quash—or any related dispute—electronically.

Ultimately, the most noteworthy burdens identified are the time and expense of potentially briefing a jurisdictional issue or updating the motion to quash. *But see Glob. Music Rts., LLC v. Saga Commc'ns, Inc.*, No. 1:21-MC-00063-JPC, 2021 WL 4751184 (N.D. Ohio Oct. 8, 2021) (finding the argument that a petitioner would have to re-brief a motion to compel to reflect the issuing court's caselaw after a Rule 45(f) transfer unpersuasive because "there [was] no indication the parties [would] need to re-brief the motion to compel")). Even accepting these burdens, the question before the Court is whether Bobbie's burden is outweighed by the exceptional circumstances discussed above. The Court concludes that the need to avoid disrupting the Eastern District of New York's management of the Antitrust litigation outweighs Bobbie's interest in obtaining a local resolution. Transfer is warranted.

### C.     Personal Jurisdiction

As a final matter, Bobbie asserts that this Court should not transfer its motion to quash to the Eastern District of New York because that court lacks personal jurisdiction over Bobbie. (Doc. 16 at 3–4).

Up front, it does not appear that whether an issuing court has personal jurisdiction over a nonparty is a typical Rule 45(f) consideration. Indeed, the Undersigned can locate no in-circuit law on this point. Nor has Bobbie provided such a citation. (*See generally* Doc. 16). Notably, none of the Second Circuit cases Bobbie offers consider a Rule 45(f) transfer motion. *See, e.g., Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014) (considering whether a district court erred in assuming it had general jurisdiction to order a foreign nondefendant to comply with

8

a subpoena); *Broumand v. Joseph*, 522 F. Supp. 3d 8, 14 (S.D.N.Y. 2021) (considering a motion to dismiss a petition to compel compliance with an arbitral subpoena for lack of personal jurisdiction); *In re Freeman Villa LLC*, No. 24-CV-6712 (PKC), 2025 WL 2773019, at *4 (E.D.N.Y. Sept. 29, 2025) (considering whether a bankruptcy court had personal jurisdiction over a party to find him in contempt for failing to comply with a court-issued subpoena).

Even more, Bobbie's argument relies on the principle that district courts "must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45." *Gucci Am., Inc.*, 768 F.3d at 141. Even accepting this principle and assuming the New York court does not have personal jurisdiction over Bobbie, Rule 45 comes with a solution. If the Eastern District of New York finds that it does not have personal jurisdiction over Bobbie, the New York court can re-transfer any discovery order to this Court for enforcement purposes. Fed. R. Civ. P. 45(f) ("To enforce its order, the issuing court may transfer the order to the court where the motion was made."); Fed. R. Civ. P. 45 Advisory Committee's note to the 2013 amendment ("After transfer, the court where the action is pending will decide the motion . . . If the court orders further discovery, it is possible that retransfer may be important to enforce the order."); *see also In re Braden*, 344 F. Supp. 3d 83, 92 n.7 (D.D.C. 2018) (rejecting a nonparty's claim that a Rule 45(f) transfer would be inappropriate because the issuing court lacked personal jurisdiction him and noting the possibility of re-transfer) ("Enforcing a discovery order is typically far less complex than crafting a discovery order."); *Paul Johnson Drywall Inc. v. Sterling Grp. LP*, No. CV-21-01408-PHX-DWL, 2023 WL 3092008, at *1 (D. Ariz. Apr. 6, 2023) (labeling a similar personal jurisdiction argument a "red herring" because if the court lacked personal jurisdiction to enforce an order compelling compliance with a subpoena, it could "simply issue an order clarifying why compliance should be required and then re-transfer the action . . . at

which point that court could oversee compliance"); *Bartlette v. S.C. Dep't of Corr.*, No. 219CV00310RMGMGB, 2019 WL 13198874, at *2 (D.S.C. Sept. 13, 2019) (noting that even if the court lacked personal jurisdiction over a nonparty, the court could rule on the transferred motion to quash before retransferring its rulings for enforcement).

Nonetheless, Bobbie argues re-transfer is a moot point because the New York court does not have jurisdiction "in the first place to decide what information Bobbie must produce." (Doc. 16 at 4). At base, though, the issue of personal jurisdiction is more properly brought before the Eastern District of New York upon transfer, if Bobbie so chooses.

***

In the end, while "avoiding burdens on local nonparties subject to subpoenas" is a "prime concern," transfer of a Rule 45 motion may be justified where the need to avoid disrupting the underlying litigation outweighs the nonparty's interest in having the dispute resolved locally. Fed. R. Civ. P. 45 Advisory Committee's notes to the 2013 amendment. The Court concludes the circumstances here weigh in favor of transfer. Given this ruling, the Court declines to decide whether Bobbie is entitled to fees and costs related to its motion to quash or any negotiations with PLD. (*See* Doc. 16 at 9 (arguing this Court should still award fees and costs even if it grants PLD's transfer motion)). The Court leaves these issues for the Eastern District of New York to consider.

One final point. Nothing in this Opinion & Order precludes the parties from resolving the scope of the subpoena extrajudicially. The Court encourages them to do so.

IV. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Respondent P&L Development, LLC's Motion to Transfer (Doc. 12). This matter is **TRANSFERRED** to the United States District Court for the Eastern District of New York in connection with the underlying litigation entitled *P & L*

*Development, LLC v. Gerber Products Company, et al.*, Case No. 1:21-cv-05382-NG-AYS.  Upon

transfer, the Clerk is **DIRECTED** to close this miscellaneous action.

        IT IS SO ORDERED.

Date:   October 30, 2025                                /s/ Kimberly A. Jolson
                                                                    KIMBERLY A. JOLSON
                                                                    UNITED STATES MAGISTRATE JUDGE