UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BOBBIE BABY, INC.,

Petitioner,

-against-

P & L DEVELOPMENT, LLC,

Respondent.
------------------------------------------------------------X

**ORDER**
MC 25-4332 (NG)(AYS)

**SHIELDS, Magistrate Judge:**

Before the Court is the motion by Petitioner, Bobbie Baby, Inc. ("Bobbie Baby"), to quash the August 12, 2025 subpoena (the "Subpoena") served upon it by Respondent, P & L Development, LLC ("PLD"), by which PLD seeks a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). For the following reasons, the motion to quash is granted.

Pursuant to Federal Rule of Civil Procedure 45, "the court for the district where compliance is required must quash or modify a subpoena" if it, among other things, "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "To determine whether a subpoena imposes an undue burden, 'courts weigh the burden to the subpoenaed party against the value of the information to the serving party by considering factors such as relevance, . . . the time period covered by it, . . . and the burden imposed." Cuomo v. New York State Assembly Judiciary Comm., 683 F. Supp. 3d 258, 268 (E.D.N.Y. 2023) (quoting Citizens Union of N.Y.C. v. Att'y Gen. of N.Y., 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017)). Motions to quash are "entrusted to the sound discretion of the district court," Cuomo, 683 F. Supp. 3d at 268 (quoting In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003)) (additional citation omitted), and "[t]he movant bears the burden of persuasion in a motion to quash a non-party subpoena." Cuomo, 683 F. Supp. 3d at 268 (citing cases).

PLD's argument that the information sought from Bobbie Baby is relevant is based primarily on the fact that Defendant Perrigo Company PLC ("Perrigo") in the related case – P&L Development, LLC v. Gerber Products Company, CV 21-5382 – identified Bobbie Baby as "the #1 nonparty witness it may call at trial." (PLD Mem. of Law in Opp'n 3.) PLD further argues that Bobbie Baby's "strategic partnership with Perrigo" makes Bobbie Baby "a key defense witness that PLD should be permitted to depose." (Id. at 4.) However, as Bobbie Baby points out in the parties' joint letter filed on September 8, 2026, PLD has settled with Perrigo and its affiliated Defendants in the main action. (Docket Entry ("DE") [39].) Moreover, there is no indication that any other party intends to rely on Bobbie Baby as a witness at trial or otherwise involve them in this action. Accordingly, the Court fails to see how, in light of the aforementioned settlement, Bobbie Baby's purported relationship with Perrigo is of any further relevance.

Even putting the settlement issue aside, the entire Subpoena is beyond the time and scope of the main action. The Subpoena seeks to depose a corporate representative on information and topics dating back to before Bobbie Baby even entered the infant formula market and looks to delve into every facet of its business. The Court finds such a subpoena completely overbroad and preparing a representative for such an extensive deposition would clearly place an undue burden upon Bobbie Baby.

Based on the foregoing, the motion to quash the August 12, 2025 deposition Subpoena is granted. Bobbie Baby need not comply with the Subpoena.

**SO ORDERED.**

Dated: Central Islip, New York
September 17, 2026

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge